■ · WILLIAM E. PHOENIX, Respondent, v. KATHRYN A. PHOENIX, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, entered June 7, 1972 in Rensselaer County, upon a decision of the court at a Trial Term, without a jury, which granted plaintiff a divorce on the grounds of cruel and inhuman treatment by the defendant. The parties to the action, both over 50 years of age and previously married, were married on September 14, 1968. The defendant was employed from 9:00 A.M. to 5:00 P.M. each day and the plaintiff was employed evenings, their respective employments still continuing as of the time of trial. Soon after their marriage it became obvious that they were incompatible and they have lived apart since December of 1969. Each regards the marriage as traumatic and disruptive of tranquility to a degree harmful to the physical and mental health of each. The court further found that on and after the parties' separation, the parties actually considered the marriage as "dead" and that neither party wanted to continue the marriage. The evidence establishes that the defendant abandoned the plaintiff on or about December 1, 1969 and that as of the time the summons was served in November of 1971 she was still maintaining her own household. While the record establishes that the parties were incompatible and indulging in extreme bickering, it does not appear that there was any such unjustified behavior on the part of the plaintiff as would warrant defendant's simply leaving the household and abandoning the marriage. Subdivision (2) of section 170 of the Domestic Relations Law authorizes a divorce on the ground of abandonment for a period of one or more years. The facts pleaded in the complaint were sufficient to include that ground as a basis for a divorce and the subject provision of the Domestic Relations Law is applicable to this case (*Kaplan* v. *Kaplan,* 31 A D 2d 247). Upon the foregoing opinion and the facts found as to abandonment by the defendant, the judgment should be affirmed. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.